IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CAROLINA MAYEUX<br>    Plaintiff, | §<br>§<br>§ |
| v. | §  CIVIL ACTION NO. _____<br>§ |
| STATE FARM INSURANCE COMPANY<br>AND BROWN CONSULTING SERVICES<br>    Defendant. | §<br>§<br>§ |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT CLERK:

PLEASE TAKE NOTICE that Defendant, State Farm Lloyds (erroneously named as "State Farm Insurance Company"), hereby removes to this Court, the State Court action described below.

### Procedural Background

1. On or about February 5, 2015, Carolina Mayeux filed Plaintiff's Original Petition in Cause No. 15-CV-0114 in the 212th Judicial District Court of Galveston County, Texas, initiating an action identifying State Farm Lloyds (incorrectly named as "State Farm Insurance Company") and Brown Consulting Services as Defendants. Plaintiff has subsequently dismissed Brown Consulting Services as a Defendant to this lawsuit. The Order of Dismissal was signed on or about February 26, 2015. Therefore, the only remaining Defendant is State Farm Lloyds.

2. The Citation and Petition was sent to State Farm Lloyds via certified mail and State Farm Lloyds received the Citation and Plaintiff's Original Petition on or about

February 9, 2015. Defendant, State Farm Lloyds, filed an Original Answer and Request for Jury Trial. State Farm Lloyds is also filing a Notice of Removal of Civil Action in the State Court action.

## Nature of the Suit

3. According to Plaintiff's Original Petition, this lawsuit arises out of a claim for alleged damage to the dwelling owned by Ms. Mayeux under a policy of insurance issued by State Farm. In her Original Petition, Plaintiff alleges multiple claims and causes of action against State Farm Lloyds including breach of contract, breach of duty of good faith and fair dealing, non-compliance with Sections 541 and 542 of the Texas Insurance Code and non-compliance with the Texas Deceptive Trade Practices Act. Plaintiff further alleges State Farm Lloyds violated the Insurance Code "knowingly," as that term is used in the applicable statute.

## Basis for Removal

4. This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5. Based upon information and belief, Plaintiff was, at the time this action was commenced, and still is a citizen of the State of Texas. Plaintiff's Original Petition states that Plaintiff is a resident of the State of Texas.

6. Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters

who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Therefore, complete diversity of citizenship exists between Plaintiff and State Farm.

7. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. *See Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994). Plaintiff has asserted numerous claims and causes of action against State Farm Lloyds seeking not only actual damages, but also consequential and statutory damages. Further, Plaintiff is seeking to recover attorneys' fees. Plaintiff's Original Petition states that Plaintiff is seeking monetary relief of more than $50,000.00, but not more than $100,000.00. Defendant reasonably believes that Plaintiff, based upon the pleadings filed to date, is seeking to recover an amount in excess of $75,000.00.

## Removal is Procedurally Correct

8. Plaintiff filed her Original Petition on or about February 5, 2015. State Farm Lloyds received the citation and Plaintiff's Original Petition on or about **February 9, 2015**. Therefore, Defendant filed this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b). Also, this notice of removal is being filed less than one year after the commencement of the State Court Action. Additionally, State Farm is the only remaining Defendant in this lawsuit. Brown Consulting Services was dismissed as a Defendant in this lawsuit on or about February 26, 2015.

10. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action was pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

11. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon State Farm in the State Court Action are attached as part of the Removal Documents.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of Defendant's Original Notice of Removal was promptly given to all parties and to the clerk of 212th Judicial District Court, Galveston County, Texas.

13. All documents required by Local Rule 81 to be filed with this Notice of Removal are attached as part of the Removal Documents.

## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm also requests any additional relief to which it may be entitled.

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

/s/ Brian M. Chandler
Brian M. Chandler
State Bar No. 04091500
Federal Bar No. 7660
ONE BERING PARK
750 Bering Drive, Suite 600
Houston, Texas 77057
(713) 266-0074  Telephone
(713) 266-1064  Facsimile

ATTORNEY FOR DEFENDANT
STATE FARM LLOYDS

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing has been served on the following by either Certified Mail, Return Receipt Requested, hand-delivery or facsimile transmission on this the ___11th___ day of March, 2015.

Shawn W. Hodge
Hodge Law Firm, PLLC
Old Galveston Square
2211 The Strand, Suite 302
Galveston, Texas 77550

/s/ Brian M. Chandler

-5-

CAUSE NO. 15-CV-0114

| | | |
|---|---|---|
| CAROLINA MAYEUX<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | GALVESTON COUNTY, TEXAS |
| STATE FARM LLOYDS, ET AL<br>Defendant. | §<br>§ | 212TH JUDICIAL DISTRICT COURT |

## NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS (GALVESTON DIVISION)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on March 11, 2015, Defendant, STATE FARM LLOYDS, filed its Notice of Removal in the United States District Court for the Southern District of Texas (Galveston Division). The Notice of Removal effects the removal, and the State Court shall proceed no further unless and until the case is remanded. 28 U.S.C. § 1446(d). Counsel for Plaintiff is being provided with the Notice of Removal and this Notice. The Notice of Removal is attached as Exhibit "A"

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By: _____
Brian M. Chandler
SBN: 04091500
Federal Bar No. 7660
750 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 266-0074
Facsimile: (713) 266-1064

ATTORNEY FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was duly served upon counsel of record by electronic filing and/or certified mail, return receipt requested, facsimile or hand delivery on _____11th_____ day of March, 2015 as follows:

Shawn W. Hodge
Hodge Law Firm, PLLC
Old Galveston Square
2211 The Strand, Suite 302
Galveston, Texas 77550

_/s/ Brian M. Chandler_
Brian M. Chandler
