IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

CAROLINA MAYEUX                          §
    Plaintiff,                          §
                               §
v.                                       §        CIVIL ACTION NO. _____
                               §
STATE FARM INSURANCE COMPANY             §
AND BROWN CONSULTING SERVICES            §
    Defendant.                          §

## INDEX OF DOCUMENTS FILED WITH REMOVAL ACTION

1.     Docket Sheet (to be supplemented)

2.     Citation on State Farm Lloyds

3.     Citation on Brown Consulting Services

4.     Plaintiff's Original Petition

5.     Defendant State Farm Lloyds' Original Answer

6.     Defendant Brown Consulting Services' Original Answer and Motion to Dismiss

7.     Plaintiff's Motion for Dismissal

8.     Signed Order of Dismissal

9.     Defendant's Request for Jury Trial

10.    Notice of Removal of Civil Action to the United State District Court for the Southern District of Texas (Galveston Division)

# JOHN D. KINARD
## DISTRICT CLERK GALVESTON COUNTY

15 FEB -6 AM 11: 47

### REQUEST FOR ISSUANCE OF SERVICE

Date Requested: 2/5/2015

Case Number: _____     Court Description: _____

Type of Instrument to be served: *Original Petition*

**SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)**

Issue Service To: *State Farm c/o Kandi Black*

Address of Service: *7301 Preston Road*

City, State & Zip: *Dallas, TX 75252*

Agent (IF APPLICABLE): _____

### TYPE OF SERVICE TO BE ISSUED:

**Non Writs:**

- [x] Citation
- [ ] Alias Citation
- [x] Pluries Citation
- [ ] Citation by Publication
- [ ] Secretary of State Citation
- [ ] Notice
- [ ] Precept
- [ ] Rule 106 Service
- [ ] Subpoena

**Writs:**

- [ ] Attachment (Person)
- [ ] Attachment (Property)
- [x] Attachment (Witness)
- [ ] Certiorari
- [ ] Garnishment (Prejudgment)
- [ ] Habeas Corpus
- [x] Injunction
- [ ] Temporary Restraining Order
- [ ] Possession (Person)
- [ ] Possession (Property)
- [x] Protective Order (Family)
- [ ] Protective Order (Civil)
- [ ] Scire Facias
- [ ] Sequestration
- [ ] Supersedeas
- [ ] Other (Please Describe): _____

### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

- [ ] Send to Sheriff
  Note: Citation(s) to be served by Constable will be RETURNED TO REQUESTOR to make arrangements to deliver and make payment for service directly with the Constable
- [ ] Civil Process Server (Include the name of the Authorized Person to pick-up): _____
- [ ] Call attorney for pick up (Phone Number): _____
- [ ] Mail to attorney at: _____
  (Please include a self addressed stamped envelope):
- [x] District Clerk serve by certified mail

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: *Shaun Hodge*

Law Firm (if applicable): *Hodge Law Firm PLLC*     Bar Number: *24052995*

Address: *2211 The Strand*

Phone Number: *409-762-5000*   Email Address: *shodge@hodgefirm.com*

**\*\*\*Service will only be issued upon payment of costs**

Date Fees Paid: _____   Amount: _____   Method of Payment: _____

Signature of Attorney Requesting service: _____

15 – CV – 0114
DCCORR
Correspondence
988821



## CITATION BY CERTIFIED MAIL (TRC 106)

### THE STATE OF TEXAS

Cause No: 15-CV-0114
212th District Court of Galveston County

CAROLINA MAYEUX VS. STATE FARM LLOYDS INSURANCE COMPANY ET AL

TO: **State Farm Lloyds Insurance Company** Attorney for Service Rendi Black c/o State Farm  17301 Preston Road  Dallas TX  75252

Defendant Greetings:

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you." *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 212th District Court of Galveston County, at the Courthouse in said County in Galveston, Texas. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **5th day of February, 2015** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition - OCA accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **6th day of February, 2015.**

Issued at the request of
Shaun W Hodge
The Hodge Law Firm PLLC
Old Galveston Square
2211 The Strand Suite 302
Galveston TX 77550

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 04/30/2015*

**John D. Kinard**, District Clerk
Galveston County, Texas

By: *Rolande Kain*

Rolande Kain, Deputy

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **2/6/2015** at ___ **3:00** o'clock P. M. and executed on the ___ day of ___, 20 15 at ___ o'clock ___. M., by mailing the same to State Farm Lloyds Insurance Company, Defendant by registered or certified mail article **number 7196 9008 9111 2751 8777**, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

Fee-Serving:  $ 65.00

**JOHN D. KINARD, District Clerk Galveston County, Texas**
Authorized Person

BY: *Rolande Kain*  Deputy Clerk

**Certified Article Number**
7196 9008 9111 2751 8777
**SENDERS RECORD**

15-CV-0114
DCCICMR
Citation by Certified Mail and Return
992403



2. Article Number

**COMPLETE THIS SECTION ON DELIVERY**

| A. Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|

C. Signature

X _Terry L. Burns_   ☐ Agent  ☐ Addressee

7196 9008 9111 2751 8777

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type  **CERTIFIED MAIL™**

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:

State Farm Lloyds
Insurance Company
Attorney for Service Rendi Black c/o State
Farm
17301 Preston Road
Dallas, TX 75252

**Reference Information**

Rolande Kain

PS Form 3811, January 2005          Domestic Return Receipt

UNITED STATES POSTAL SERVICE®

| First-Class Mail® |
| Postage & Fees Paid |
| USPS® |
| Permit No. G-10 |

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

JOHN D KINARD
GALVESTON COUNTY DISTRICT CLERK
600 59TH STREET SUITE 4001
PO BOX 17250
GALVESTON TX  77551-4019

## CITATION BY CERTIFIED MAIL (TRC 106)

### THE STATE OF TEXAS

Cause No: 15-CV-0114
212th District Court of Galveston County

CAROLINA MAYEUX VS. STATE FARM LLOYDS INSURANCE COMPANY ET AL

TO: **State Farm Lloyds Insurance Company** Attorney for Service Rendi Black c/o State Farm  17301 Preston Road  Dallas TX  75252

Defendant Greetings:

NOTICE TO DEFENDANT: **"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."**  *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 212th District Court of Galveston County, at the Courthouse in said County in Galveston, Texas. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **5th day of February, 2015**  in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition - OCA accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **6th day of February, 2015.**

Issued at the request of
Shaun W Hodge
The Hodge Law Firm PLLC
Old Galveston Square
2211 The Strand Suite 302
Galveston TX 77550



**John D. Kinard,** District Clerk
Galveston County, Texas

By: *Rolande Kain*

Rolande Kain, Deputy

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 04/30/2015*

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **2/6/2015** at **3:00** o'clock P. M. and executed on the _____ day of _____, 20_____, at ____ o'clock ___. M., by mailing the same to State Farm Lloyds Insurance Company,  Defendant by registered or **certified mail article number 7196 9008 9111 2751 8777**, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

Fee-Serving:        $ _____

**JOHN D. KINARD, District Clerk Galveston County, Texaqs**
Authorized Person

BY: _____, Deputy Clerk

Issue 2 citations by C/M-Assigned to Rolande K

2/5/2015 3:30:26 PM
JOHN D. KINARD
District Clerk
Galveston County, Texas



# JOHN D. KINARD
## DISTRICT CLERK·GALVESTON COUNTY

### REQUEST FOR ISSUANCE OF SERVICE

Date Requested: 2/2/2015                                        Galveston County - 212th District Court

Case Number: 15-CV-0114          Court Description: _____

Type of Instrument to be served: Original Petition

**SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)**

Issue Service To: Dale Brown

Address of Service: 20825 Budde Cemetary Road

City, State & Zip: Spring, TX 77388

Agent (IF APPLICABLE): _____

### TYPE OF SERVICE TO BE ISSUED:

**Non Writer**
- [x] Citation
- [ ] Alias Citation
- [ ] Pluries Citation
- [ ] Citation by Publication
- [ ] Secretary of State Citation
- [ ] Notice
- [ ] Precept
- [ ] Rule 106 Service
- [ ] Subpoena

**Writs:**
- [ ] Attachment (Person)
- [ ] Attachment (Property)
- [ ] Attachment (Witness)
- [ ] Certiorari
- [ ] Garnishment (Prejudgment)
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Temporary Restraining Order
- [ ] Possession (Person)
- [ ] Possession (Property)
- [ ] Protective Order (Family)
- [ ] Protective Order (Civil)
- [ ] Scire Facias
- [ ] Sequestration
- [ ] Supersedeas
- [ ] Other (Please Describe): _____

### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

- [ ] Send to Sheriff
  Note: Citation(s) to be served by Constable will be RETURNED TO REQUESTOR to make arrangements to deliver and make payment for service directly with the Constable
- [ ] Civil Process Server (Include the name of the Authorized Person to pick-up): _____
- [ ] Call attorney for pick up (Phone Number): _____
- [ ] Mail to attorney at: _____
  (Please include a self addressed stamped envelope):
- [x] District Clerk serve by certified mail

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: Shaun Hodge

Law Firm (if applicable): Hodge Law Firm PLLC          Bar Number: 24052995

Address: 2211 The Strand, Suite 302

Phone Number: 409-726-5000   Email Address: shodge@hodgefirm.com

***Service will only be issued upon payment of costs***

Date Fees Paid: _____   Amount: _____   Method of Payment: _____

Signature of Attorney Requesting service: _____

2/5/2015 3:30:26 PM
JOHN D. KINARD
District Clerk
Galveston County, Texas



# JOHN D. KINARD
## DISTRICT CLERK GALVESTON COUNTY

### REQUEST FOR ISSUANCE OF SERVICE

Date Requested: 2/2/2015

Case Number: 15-CV-0114

Court Description: Galveston County - 212th District Court

Type of Instrument to be served: Original Petition

**SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)**

Issue Service To: Brown Consulting Services c/o Dave Brown

Address of Service: 20325 Budde Cemetery Road

City, State & Zip: Spring, TX 77388

Agent (IF APPLICABLE):

### TYPE OF SERVICE TO BE ISSUED:

**Non Writs:**

[x] Citation  [ ] Alias Citation  [ ] Pluries Citation  [ ] Citation by Publication  [ ] Secretary of State Citation

[ ] Notice  [ ] Precept  [ ] Rule 106 Service  [ ] Subpoena

**Writs:**

[ ] Attachment (Person)  [ ] Attachment (Property)  [ ] Attachment (Witness)  [ ] Certiorari

[ ] Garnishment (Prejudgment)  [ ] Habeas Corpus  [ ] Injunction  [ ] Temporary Restraining Order

[ ] Possession (Person)  [ ] Possession (Property)  [ ] Protective Order (Family)  [ ] Protective Order (Civil)

[ ] Scire Facias  [ ] Sequestration  [ ] Supersedeas

[ ] Other (Please Describe):

### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

[ ] Send to Sheriff
Note: Citation(s) to be served by Constable will be RETURNED TO REQUESTOR to make arrangements to deliver and make payment for service directly with the Constable

[ ] Civil Process Server (Include the name of the Authorized Person to pick-up):

[ ] Call attorney for pick up (Phone Number):

[ ] Mail to attorney at:
(Please include a self addressed stamped envelope):

[x] District Clerk serve by certified mail

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: Shan Hodge

Law Firm (if applicable): Hodge Law Firm PLLC

Bar Number:

Address: 2211 The Strand Suite 302

Phone Number: 409-762-5000

Email Address: shodge@hodgefirm.com

***Service will only be issued upon payment of costs***

Date Fees Paid:            Amount:            Method of Payment:

Signature of Attorney Requesting service:

## CITATION BY CERTIFIED MAIL (TRC 106)

### THE STATE OF TEXAS

Cause No: 15-CV-0114
212th District Court of Galveston County

CAROLINA MAYEUX VS. STATE FARM LLOYDS INSURANCE COMPANY ET AL

TO: **Brown Consulting Services** c/o Dave Brown  20325 Budde Cemetary Road  Spring TX  77388

Defendant Greetings:

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."  *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 212th District Court of Galveston County, at the Courthouse in said County in Galveston, Texas. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **5th day of February, 2015** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition - OCA accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **6th day of February, 2015.**

Issued at the request of
Shaun W Hodge
The Hodge Law Firm PLLC
Old Galveston Square
2211 The Strand Suite 302
Galveston TX 77550

**John D. Kinard,** District Clerk
Galveston County, Texas

By: *Rolande Kain*

Rolande Kain, Deputy

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 04/30/2015*

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **2/6/2015** at ___**3:00** o'clock P. M. and executed on the __9th__ day of __February__, 20__15__, at ___ o'clock ___. M., by mailing the same to Brown Consulting Services,  Defendant by registered or certified mail article number 7196 **9008 9111 2751 8784,** with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

Fee-Serving:   $ 65⁰⁰

**JOHN D. KINARD, District Clerk Galveston County, Texaas**
Authorized Person

BY: *Rolande Kain*  Deputy Clerk

15—CV—0114
DCCICMR
Citation by Certified Mail and Return
996255

Certified Article Number

7196 9008 9111 2751 8784

SENDERS RECORD



2. Article Number

|||||||| 7196 9008 9111 2751 8784

3. Service Type  **CERTIFIED MAIL™**

4. Restricted Delivery? *(Extra Fee)*  ☐ Yes

1. Article Addressed to:

Brown Consulting Services
c/o Dave Brown
20325 Budde Cemetary Road
Spring, TX 77388

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)  B. Date of Delivery
Criscanda Lirksey    2/9/15

C. Signature
X  Criscade Likey    ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

**Reference Information**

15-CV-0114

Rolande Kain

PS Form 3811, January 2005    Domestic Return Receipt

UNITED STATES POSTAL SERVICE®

First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

**JOHN D KINARD**
**GALVESTON COUNTY DISTRICT CLERK**
**600 59TH STREET SUITE 4001**
**PO BOX 17250**
**GALVESTON TX  77551-4019**

## CITATION BY CERTIFIED MAIL (TRC 106)

### THE STATE OF TEXAS

Cause No: 15-CV-0114
212th District Court of Galveston County

CAROLINA MAYEUX VS. STATE FARM LLOYDS INSURANCE COMPANY ET AL

TO: **Brown Consulting Services** c/o Dave Brown  20325 Budde Cemetary Road  Spring TX  77388

Defendant Greetings:

> **NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."  *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 212th District Court of Galveston County, at the Courthouse in said County in Galveston, Texas. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **5th day of February, 2015**  in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition - OCA accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **6th day of February, 2015.**

Issued at the request of
Shaun W Hodge
The Hodge Law Firm PLLC
Old Galveston Square
2211 The Strand Suite 302
Galveston TX 77550

**John D. Kinard,** District Clerk
Galveston County, Texas

By: *Rolande Kain*

Rolande Kain, Deputy

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 04/30/2015*

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the __2/6/2015__ at ___3:00__ o'clock P. M. and executed on the _____ day of _____, 20_____, at ____ o'clock ____. M., by mailing  the same to Brown Consulting Services,  Defendant by registered or **certified mail article number 7196 9008 9111 2751 8784,** with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

Fee-Serving:          $ _____

**JOHN D. KINARD, District Clerk Galveston County, Texas**
Authorized Person

BY: _____, Deputy Clerk

## CIVIL CASE INFORMATION SHEET

15-CV-0114

2/5/2015 3:30:26 PM
JOHN D. KINARD
District Clerk
Galveston County, Texas

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

## CAROLINA MAYEUX V. STATE FARM INSURANCE COMPANY

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Shaun W. Hodge | Email:<br>shodge@hodgefirm.com | Plaintiff(s)/Petitioner(s):<br>**CAROLINA MAYEUX**<br><br>Defendant(s)/Respondent(s):<br><br>**STATE FARM INSURANCE COMPANY** | X Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: 2211 The Strand, Ste. 302 | Telephone:<br>409-762-5000 x301 (Becky) | | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br>Galveston, TX 77550 | Fax:<br>409-763-2300 | | Non-Custodial Parent: |
| Signature | State Bar No:<br>24052995 | | Presumed Father: |
| *[signature]* | | [Attach additional page as necessary to list all parties] | |

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>Fraud/Misrepresentation<br>X Other Debt/Contract:<br>☐ Breach of Contract<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product: | ☐ Eminent Domain/Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action

☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment

☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

2/5/2015 3:30:26 PM
JOHN D. KINARD
District Clerk
Galveston County, Texas

15-CV-0114

CAUSE NO. _____



| | | |
|---|---|---|
| **CAROLINA MAYEUX** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| | § | Galveston County - 212th District Court |
| **STATE FARM INSURANCE** | § | |
| **COMPANY AND BROWN** | § | _____**JUDICIAL DISTRICT** |
| **CONSULTING SERVICES,** | | |
| **Defendants.** | | |

---

## MAYEUX'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Carolina Mayeux ("Plaintiff" or "Mayeau"), and file this *Plaintiff's Original Petition*, complaining of State Farm Lloyds Insurance Company ("STATE FARM" or "Defendant"), and Brown Consulting Services ("BROWN CONSULTING" or Defendant) and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Mayeux intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2.  Carolina Mayeux is an individual residing in Galveston County, Texas.

3.  Defendant is a Texas insurance company engaging in the business of insurance in the State of Texas. This defendant may be served by serving its Attorney for Service, Rendi Black c/o State Farm, 17301 Preston Road, Dallas, Texas 75252 by certified mail, return receipt.

Status Conference set 04-30-2015

4.    Defendant Brown Consutling Services is a Texas business engaging in business in the State
      of Texas. This defendantg may be served by serving the business owner Dave Brown at
      20325 Budde Cemetary Road Spring, Texas 77388 by certified mail, return receipt.

## JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is
      within the jurisdictional limits of the Court.  Mayeux is seeking monetary relief over
      $50,000 but not more than $1,000,000.  Mayeux reserves the right to amend the petition
      during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant because this defendant is a Texas insurance
      company.

7.    The Court has jurisdiction over Defendant because this defendant is conducting business
      in the state of Texas.

## VENUE

8.    Venue is proper in Galveston County, Texas, because the insured property is situated in
      Galveston County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.    Mayeux is the owner of a Texas Homeowners' Insurance Policy number 5386407038
      (hereinafter referred to as "the Policy"), which was issued by DEFENDANT.

10.   Mayeux owns the insured property, which is specifically located at 5315 Thistle Drive
      Dickenson, Texas 77539, in Galveston County (hereinafter referred to as "the Property").

11.   DEFENDANT sold the Policy insuring the Property to Mayeux.

12.   On July 4, 2012, Plaintiff hired Super Plumber Company. They detected a leak under the
      foundation. This leak caused extensive damage to the Plaintiff's property. Plaintiff then

contacted State Farm to open a water claim. State Farm hired Vortex Plumbing, Inc. on or about July 30, 2012 which verified the findings of Super Plumber Company that there was indeed a leak under the foundation.

13.   State Farm paid a minimum amount towards the claim based on Vortex's findings which did not address any of the foundation or most of the cosmetic damage related to this claim with their payment.

14.   After the fact, JK Core Enterprises Inc. forwarded to State Farm their estimate and photos, foundation reports by Continental Foundation both for March 2010 and August 24, 2012, and Keelan Engineering Services dated September 3, 2012.

15.   State Farm did not address these issues mentioned with payment, however they sent Brown Consulting Services Inc. (Defendant) for another inspection. The only response from Brown Consulting Services regarding their initial inspection was a request of additional testing.

16.   The grossly proportionate different between the JK Core estimate and the Vortex estimate made it apparent that the amount of damage was in dispute.

17.   JK Core stated that in order to resolve the dispute concerning the value of the loss, they would invoke the right to have the loss appraised by a competent and disinterested third party. The appraisal process was done through the Galveston Court and State Farm opted not to participate.

18.   State Farm did not have a valid reason for not participating, and said that they did not accept appraisal as a means to resolve the issue although the policy allows for the appraisal process to be invoked when the amount of damages is in dispute. Since State Farm did not participate, they were provided with the name, company, phone number, and email address

of Rocky Garner who was the appraiser that was designated by JK Core. The Galveston Court appointed an umpire.

19.     There has been sufficient testing and evaluations by many experts at this point in order for State Farm to express the water claim properly. The Department of Insurance Code has requirements for an insurer to investigate and adjust claims in a timely manner. State Farm is using the request of additional inspections as a tactic to avoid paying additional money towards the claim. At this time Defendant has failed to fully and accurately adjust the loss and has failed to issue full payment in a timely manner. Further, the Defendant wrongfully failed to participate in the appraisal process.

20.     Defendant set about to deny and/or underpay on properly covered damages.  As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Mayeux, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Mayeux to repair the home, Mayeux's claim was improperly adjusted. The mishandling of Mayeux's claim has also caused a delay in the ability to fully repair the home, which has resulted in additional damages.  To this date, Mayeux has yet to receive the full payment to which is entitled under the Policy.

21.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Mayeux's claim longer than allowed and, to date, Mayeux has not received full payment for the claim. DEFENDANT's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## BREACH OF CONTRACT

22.    Defendant's conduct constitutes a breach of the insurance contract made between
DEFENDANT and Mayeux.

23.    Defendant's failure and/or refusal, as described above, to pay the adequate compensation
as it is obligated to do under the terms of the Policy in question, and under the laws of the
State of Texas, constitutes a breach of DEFENDANT's insurance contract with Mayeux.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### THE PROMPT PAYMENT OF CLAIMS

24. From Defendant's violations of the Texas Insurance Code § 542, subchapter B, Prompt
Payment of Claims. Specifically, failing to request all items, statements, and forms that you
reasonably believed would be required within the applicable time constraints; delaying full
payment of my client's claim longer than allowed.

25.    Defendant's delay of the payment of Plaintiff's constitutes a non-prompt payment of the
claim. TEX. INS. CODE §542.058.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### UNFAIR SETTLEMENT PRACTICES

26. From your violations of the Texas Insurance Code § 541, Unfair Settlement Practices.
Specifically, conducting an unreasonable investigation; failing to attempt in good faith a
prompt, fair, and equitable settlement; knowingly misrepresenting to my client that the
damage to the property was not covered under the policy, even though the damage was
caused by a covered occurrence; and wrongfully denying or underpaying the claim for
repairs even though my client's policy provides coverage for such loss.

**DTPA Violations**

27. Defendant has violations of the Tex. Bus. & Com. Code §17.46(b), Deceptive Trade Practices Unlawful. Specifically, knowingly making misrepresentations to my client regarding the need for replacement or repair to her property.

**DAMAGES**

28. For breach of contract, Mayeux is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

29. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Mayeux is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

30. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Mayeux is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Mayeux asks for three times the actual damages. TEX. INS. CODE §541.152.

31. For the prosecution and collection of this claim, Mayeux has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Mayeux is entitled to recover a sum for the reasonable and necessary services of Mayeux's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

32. Mayeux is not making any claims for relief under federal law.

## JURY DEMAND

33.     Mayeux hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Galveston County, Texas.  Mayeux hereby tenders the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Mayeux prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Mayeux requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Mayeux's behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Mayeux may show justly entitled.

Respectfully submitted,

**HODGE LAW FIRM, PLLC**

Shaun W. Hodge
HODGE LAW FIRM, PLLC
State Bar No. 24052995
Old Galveston Square
2211 The Strand, Suite 302
Galveston, Texas 77550
Phone (409) 762-5000
Fax (409) 763-2300
shodge@hodgefirm.com

**ATTORNEY FOR PLAINTIFF**

Filed: 3/6/2015 7:00:43 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 4410609
By: Shailja Dixit
3/9/2015 8:22:44 AM

CAUSE NO. 15-CV-0114

| | | |
|---|---|---|
| CAROLINA MAYEUX | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| | § | |
| STATE FARM INSURANCE | § | |
| COMPANY AND BROWN | § | |
| CONSULTING SERVICES | § | |
|     Defendants. | § | 212TH JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (erroneously named as "State Farm Insurance Company"), Defendant in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition, would respectfully show the Court the following:

I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant, STATE FARM LLOYDS denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

II.

State Farm issued Homeowners Policy number 53-86-4073-8 ("the Policy") for the period of May 23, 2012 to May 23, 2013 to Carolina Mayeux concerning the property located at 5313 Thistle Drive, Dickinson, Texas 77539. Plaintiff's recovery under the Policy is subject to a $18,975.00 limit of liability for dwelling foundation, and a deductible of

$1,265.00.

III.

State Farm asserts all terms, conditions, deductibles, limitations on coverage, and exclusions set out in the Policy.

IV.

Defendant would additionally show that it is entitled to an offset and/or credit against Plaintiff's damages, if any, for payments it previously issued to Plaintiff. State Farm has issued payments to Plaintiff under claim 53-156S-729 totaling $2,926.35. Defendant would also show the Policy of insurance included a deductible in the amount of $1,265.00.

V.

Pursuant to the following provision of the Policy, coverage is limited to loss which occurs within the time period during which the Policy was in effect:

**SECTION I AND SECTION II – CONDITIONS**

1.   **Policy Period**. This policy applies only to loss under Section I … which occurs during the period this policy is in effect.

Plaintiff failed to comply with the following Conditions of the Policy:

**SECTION I – CONDITIONS**

2.   **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

   b.   protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

   …

      d.  as often as we reasonably require:

          (1)    exhibit the damaged property;

          (2)    provide us with records and documents we request and permit us to make copies;

…

## SUIT AGAINST US ENDORSEMENT

**SECTION I – CONDITIONS Suit Against Us**, is replaced with the following:

**Suit Against Us**. No suit or action shall be brought unless the policy provisions have been complied with. . . .

VI.

The **DECLARATIONS** section of the Policy states the following:

## DECLARATIONS CONTINUED

We agree to provide the insurance described in this policy:

…

2.    based on your compliance with all applicable provisions of this policy; and

You agree, by acceptance of this policy, that:

1.    you will … comply with the provisions of the policy;

…

4.    this policy contains all of the agreements between you and us and any of our agents.

Plaintiff breached her agreement with State Farm as set out in the Policy by failing to comply with all of its applicable provisions. Alternatively, there is a failure of consideration on Plaintiff's part due to her failure to comply with the applicable provisions

of the Policy.

## VII.

Pursuant to the following provisions of the Policy the following losses do not come within the Dwelling coverage:

### SECTION I – LOSSES NOT INSURED

1.    We do not insure for any loss to the property described in coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

...

f.   except as specifically provided by this endorsement, continuous or repeated seepage or leakage of water or stream from a:

(1)    heating, air conditioning or automatic fire protective sprinkler system;

(2)    household appliance; or

(3)    plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floorings;

which occurs over a period of time.  If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance.  We do not cover loss to the system or appliance from which the water or stream escaped;

g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

...

...

l.   settling, cracking, shrinking, bulging, or expansion of pavements, patios or foundations;

...

Except as stated in this endorsement, we do not provide coverage for any loss described in **SECTION I – LOSSES NOT INSURED.**

All other policy provisions apply.

According to the Declarations page of the policy of insurance issued to Plaintiff, the policy includes a Dwelling Foundation Endorsement that provides as follows:

## DWELLING FOUNDATION ENDORSEMENT

## SECTION I – ADDITIONAL COVERAGES

The following is added:

**Dwelling Foundation Coverage.** We cover loss caused by and consisting of settling, cracking, shrinking, bulging, or expansion of the foundation, floor slab or footings that support the dwelling caused by seepage or leakage of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system.

This coverage includes the cost of tearing out and replacing any part of the building necessary to repair the system from which the leakage or seepage occurred.

We do not cover loss to the system from which the water or steamed escaped.

**Limit of Liability.** Our limit of liability for this coverage will not exceed an amount equal to 15% of the COVERAGE ADWELLING limit applicable on the date of the loss.

## SECTION I - LOSSES NOT INSURED

The following revisions are made for the purposes of this endorsement only.

Item 1.f. is replaced with the following:

f.   except as specifically provided by this endorsement, continuous or repeated seepage or leakage of water or steam from a:

(1)     heating, air conditioning or automatic fire protective sprinkler system;

(2)     household appliance; or

(3)     plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

which occurs over a period of time. If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped;

Item 1.1. is replaced with the following:

I.      except as specifically provided by this endorsement, settling, cracking, shrinking, bulging, or expansion of pavements, patios, walls, floors, roofs or ceilings;

Except as stated in this endorsement we do not provide coverage for any loss described in **SECTION I – LOSSES NOT INSURED**.

All other policy provisions apply.

VIII.

Plaintiff failed to provide State Farm with the written notice required by §541.154 of the Texas Insurance Code. Plaintiff did not provide written notice to State Farm at least 61 days before he filed this lawsuit.

IX.

Defendant would show that Plaintiffs failed to properly present their claim to State Farm pursuant to §38.002 of the Texas Civil Practice & Remedies Code. Plaintiffs cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code. "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for...(8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8). Defendant State Farm

Lloyds is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to Defendant State Farm Lloyds. *Fleming & Assocs., L.L.P. v. Barton*, 2014 Tex. App. LEXIS 2250 (Tex. App. Houston 14th Dist. Feb. 27, 2014).

X.

Defendant STATE FARM LLOYDS reserves the right to amend this Original Answer.

WHEREFORE, PREMISES CONSIDERED, Defendant, STATE FARM LLOYDS prays that Plaintiff takes nothing by reason of her suit herein and that Defendant has judgment in its favor on all issues of law and fact in this matter.

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By: _____

Brian M. Chandler
SBN: 04091500
bmc@ramey-chandler.com
750 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 266-0074
Facsimile:  (713) 266-1064

ATTORNEY FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Original Answer has been served on all counsel of record by certified mail, return receipt requested, by courier, receipted delivery, or by telephonic document transfer on this _6th_ day of March, 2015.

BRIAN M. CHANDLER

Filed: 2/20/2015 4:38:27 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 4237713
By: Shailja Dixit
2/20/2015 4:45:18 PM

Cause No. 15-CV-0114

| | | |
|---|---|---|
| Carolina Mayeux | § | In the District Court |
| | § | |
| vs | § | 212th Judicial District |
| | § | |
| State Farm Insurance Company and | § | |
| Brown Consulting Services, Inc. | § | of Galveston County, Texas |

## Defendant's Original Answer and Motion to Dismiss

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Brown Consulting Services, Inc., (the "Defendant") in the above entitled and styled cause of action, and files this Defendant's Original Answer, and would respectfully show the following:

### a) General Denial under TRCP 92

1. The Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and demands that the Plaintiffs prove their charges and allegations against the Defendant by a preponderance of the credible evidence in accordance with the laws and the Constitution of the State of Texas.

### b) Affirmative Defenses under TRCP 94

2. The Defendant asserts as an affirmative defense that the Plaintiff has failed to file a Certificate of Merit *as required under Section 150.002* of the Texas Civil Practice & Remedies Code. See TEX. CIV. PRAC. & REM. CODE §150.002. Namely, the Plaintiffs claims for damages arises out of the provision of professional services by a licensed or registered professional; the Defendant meets the definition of a "licensed engineer;" and, the Plaintiff's claims are not related to the payment of fees. See *Exhibit "A."* Attached as Exhibit "A," and incorporated herein by reference in full, is an Affidavit of David E. Brown. Therefore, the Plaintiff's claims against the

Defendant should be dismissed with prejudice. **The Defendant moves this Court, and the Court should move sua sponte, to dismiss all of the Plaintiff's claims with prejudice.**

<u>c) Prayer</u>

3. WHEREFORE, the Defendant, Brown Consulting Services, Inc., request Judgment of the Court, as follows: (a) that the Plaintiff takes nothing by this suit and/or the Court dismisses all claims with prejudice; (b) that costs attributed to the Plaintiff's suit be assessed against the Plaintiff; (c) that attorney fees be awarded to the Defendant for defending against the Plaintiff's suit; and that Defendant be awarded all other relief to which Defendant is justly entitled at law or in equity.

Respectfully submitted,

By: _____

Sherman D. Pernia PhD JD
Texas Bar No. 24004856
PO Box 58554
Houston, Texas 77058
(409) 370-4182 Telephone
Attorney for the Defendant
Brown Consulting Services, Inc.

## CERTIFICATE OF SERVICE

As required by rules 21 and 21a of the Texas Rules of Civil Procedure, I certify that I served a true and correct copy of document entitled Defendant's Original Answer and Motion to Dismiss to the following and in the manner indicated on <u>February 20, 2015.</u>

By: _____

Sherman D. Pernia PhD JD

John D. Kinard
Galveston County District Clerk
P.O. Box 17250, Galveston, TX 77551

Shaun W. Hodge                                          Via Facsimile (409) 763-2300
Hodge Law Firm PLLC
2211 The Strand, Ste 302, Galveston, Texas 77550

Cause No. 15-CV-0114

| | | |
|---|---|---|
| Carolina Mayeux | § | In the District Court |
| | § | |
| vs | § | 212th Judicial District |
| | § | |
| State Farm Insurance Company and | § | |
| Brown Consulting Services, Inc. | § | of Galveston County, Texas |

### Exhibit "A": Affidavit of David E Brown

State of Texas    §
County of Harris   §

Before me the undersigned notary, on this day, personally appeared **David E Brown**, who, being by me duly sworn, deposed as follows:

1. "My name is **David E Brown**. I am of sound mind, over the age of eighteen, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct. I am President of the Brown Consulting Services, Inc., ("Brown Consulting") the Defendant in this case."

2. "Brown Consulting is a engineering firm registered by the Texas Board of Professional Engineers, F-7536. State Farm Insurance Company ("State Farm") retained Brown Consulting to determine whether foundation movement is related to a plumbing leak. Normally, we provide a report that outlines our engineering findings and opinions after evaluating a property. We did not provide a report in this case."

3. "State Farm retained Brown Consulting to do engineering work in this case; the only work Brown Consulting did was engineering; and any claims that the Plaintiff alleges against Brown Consulting would be concerning or related to the engineering work that Brown Consulting did for State Farm. Brown Consulting is not an insurance or adjusting company."

Further affiant sayeth not.

_____
David E Brown

SWORN TO and SUBSCRIBED before me by **David E Brown** on this <u>February 20, 2015</u>.

ANNETTE BAUMGARTNER
My Commission Expires
June 8, 2015

_____
Notary Public in and for
the State of Texas
My commission expires: 6/8/15

Filed: 2/20/2015 4:38:27 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 4237713
By: Shailja Dixit
2/20/2015 4:45:18 PM

Cause No. 15-CV-0114

| | | |
|---|---|---|
| Carolina Mayeux | § | In the District Court |
| | § | |
| vs | § | 212th Judicial District |
| | § | |
| State Farm Insurance Company and | § | |
| Brown Consulting Services, Inc. | § | of Galveston County, Texas |

**Order on the Defendant's Motion to Dismiss**

ON THIS DATE, the Court considered the Defendant's Motion to Dismiss.  Whereas, the Court FINDS: The Plaintiff's claims for damages arise out of the provision of professional services by a licensed or registered professional; the Defendant meets the definition of a "licensed engineer;" and, the Plaintiff's claims are not related to the payment of fees.

It is therefore ORDERED that all of the Plaintiff's claims against the Defendant, Brown Consulting Services, Inc., are hereby dismissed with prejudice.

By: _____

Presiding Judge

Form Approved and Entry Requested

S D Pernia by Permission

Sherman D. Pernia PhD JD
Texas Bar No. 24004856
PO Box 58554, Houston, Texas 77058
(409) 370-4182Telephone
Attorney for the Defendant
Brown Consulting Services, Inc.

Filed: 2/24/2015 2:53:55 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 4264414
By: Shailja Dixit
2/24/2015 2:56:11 PM

## CAUSE NO. 15-CV-0114

| | | |
|---|---|---|
| **CAROLINA MAYEUX** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **STATE FARM INSURANCE** | § | |
| **COMPANY AND BROWN** | § | |
| **CONSULTING SERVICES, INC.** | § | **212TH JUDICIAL DISTRICT** |

## MOTION FOR DISMISSAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CAROLINA MAYEUX**, Plaintiff in the above-entitled and numbered cause, and states to the Court that she no longer desires to prosecute her claims and causes of action against Defendant, **BROWN CONSULTING SERVICES, INC.** at this time and, accordingly, respectfully moves the Court to dismiss this cause at the cost of party incurring same.

Respectfully submitted,

**HODGE LAW FIRM, PLLC**

Shaun W. Hodge
State Bar No. 24052995
Old Galveston Square
2211 The Strand, Suite 302
Galveston, Texas 77550
(409) 763-3260
(409) 763-2300 - FAX
shodge@hodgefirm.com
**Attorney for Plaintiff,**
**CAROLINA MAYEUX**

Filed: 2/24/2015 2:53:55 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 4264414
By: Shailja Dixit
2/24/2015 2:56:11 PM

### CAUSE NO. 15-CV-0114

| | | |
|---|---|---|
| CAROLINA MAYEUX | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| STATE FARM INSURANCE | § | |
| COMPANY AND BROWN | § | |
| CONSULTING SERVICES, INC. | § | 212TH JUDICIAL DISTRICT |

### ORDER FOR MOTION FOR DISMISSAL

Came on to be heard the Plaintiff's Motion for Dismissal and the Court, having read Plaintiff's Motion for Dismissal and considered the same, is of the opinion that such Dismissal should be granted. It is therefore,

ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Dismissal be granted and that the causes of action against Defendant, Brown Consulting Services, Inc. are hereby, dismissed without prejudice. Costs of Court are assessed against Plaintiff.

SIGNED this_____day       of_____, 2015.

_____
JUDGE

_____
Shaun W. Hodge
shodge@hodgefirm.com
Attorney for Plaintiff

15-CV-0114
DCORDNF
Order of Dismissal — Non Final
999437

CAUSE NO. 15-CV-0114

15 FEB 26  PM 3: 22

| | | |
|---|---|---|
| CAROLINA MAYEUX | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | GALV |
| STATE FARM INSURANCE | § | |
| COMPANY AND BROWN | § | |
| CONSULTING SERVICES, INC. | § | 212TH JUDICIAL DISTRICT |

ORDER FOR MOTION FOR DISMISSAL

Came on to be heard the Plaintiff's Motion for Dismissal and the Court, having

read Plaintiff's Motion for Dismissal and considered the same, is of the opinion that such

Dismissal should be granted. It is therefore,

ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Dismissal be

granted and that the causes of action against Defendant, Brown Consulting Services, Inc. are

hereby, dismissed  without prejudice. Costs of Court are assessed against Plaintiff.

SIGNED this ___26th___ day of ___February___, 2015.

_____
JUDGE

_____
Shaun W. Hodge
shodge@hodgefirm.com
Attorney for Plaintiff

CAUSE NO. 15-CV-0114

| | | |
|---|---|---|
| CAROLINA MAYEUX | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| | § | |
| STATE FARM INSURANCE | § | |
| COMPANY AND BROWN | § | |
| CONSULTING SERVICES | § | |
|     Defendants. | § | 212TH JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (incorrectly named "State Farm Insurance Company") Defendant in the above-entitled and numbered cause and hereby demands a trial by jury. The requisite jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant it trial by jury.

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By: _____

Brian M. Chandler
SBN: 04091500
750 Bering Drive, Suite 600
Houston, Texas  77057
bmc@ramey-chandler.com
Telephone: (713) 266-0074
Facsimile:  (713) 266-1064

ATTORNEY FOR DEFENDANT
STATE FARM LLOYDS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on <u>all counsel of record</u> by certified mail, return receipt requested, by courier, receipted delivery, or by telephonic document transfer on this _11th_ day of March 2015.

Brian M. Chandler

CAUSE NO. 15-CV-0114

| | | |
|---|---|---|
| CAROLINA MAYEUX<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | GALVESTON COUNTY, TEXAS |
| STATE FARM LLOYDS, ET AL<br>Defendant. | §<br>§ | 212TH JUDICIAL DISTRICT COURT |

## NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS (GALVESTON DIVISION)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on March 11, 2015, Defendant, STATE FARM LLOYDS, filed its Notice of Removal in the United States District Court for the Southern District of Texas (Galveston Division). The Notice of Removal effects the removal, and the State Court shall proceed no further unless and until the case is remanded. 28 U.S.C. § 1446(d). Counsel for Plaintiff is being provided with the Notice of Removal and this Notice. The Notice of Removal is attached as Exhibit "A"

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By: _____
Brian M. Chandler
SBN: 04091500
Federal Bar No. 7660
750 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 266-0074
Facsimile: (713) 266-1064

ATTORNEY FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was duly served upon counsel of record by electronic filing and/or certified mail, return receipt requested, facsimile or hand delivery on _____ day of March, 2015 as follows:

Shawn W. Hodge
Hodge Law Firm, PLLC
Old Galveston Square
2211 The Strand, Suite 302
Galveston, Texas  77550


_/s/ Brian M. Chandler_____
Brian M. Chandler

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CAROLINA MAYEUX | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| STATE FARM INSURANCE COMPANY | § | |
| AND BROWN CONSULTING SERVICES | § | |
|     Defendant. | § | |

---

### DEFENDANT'S NOTICE OF REMOVAL

---

TO THE UNITED STATES DISTRICT CLERK:

    PLEASE TAKE NOTICE that Defendant, State Farm Lloyds (erroneously named as "State Farm Insurance Company"), hereby removes to this Court, the State Court action described below.

#### Procedural Background

    1.    On or about February 5, 2015, Carolina Mayeux filed Plaintiff's Original Petition in Cause No. 15-CV-0114 in the 212th Judicial District Court of Galveston County, Texas, initiating an action identifying State Farm Lloyds (incorrectly named as "State Farm Insurance Company") and Brown Consulting Services as Defendants. Plaintiff has subsequently dismissed Brown Consulting Services as a Defendant to this lawsuit. The Order of Dismissal was signed on or about February 26, 2015. Therefore, the only remaining Defendant is State Farm Lloyds.

    2.    The Citation and Petition was sent to State Farm Lloyds via certified mail and State Farm Lloyds received the Citation and Plaintiff's Original Petition on or about



EXHIBIT
A

-1-

February 9, 2015.  Defendant, State Farm Lloyds, filed an Original Answer and Request for Jury Trial.   State Farm Lloyds is also filing a Notice of Removal of Civil Action in the State Court action.

## Nature of the Suit

3.      According to Plaintiff's Original Petition, this lawsuit arises out of a claim for alleged damage to the dwelling owned by Ms. Mayeux under a policy of insurance issued by State Farm.   In her Original Petition, Plaintiff alleges multiple claims and causes of action against State Farm Lloyds including breach of contract, breach of duty of good faith and fair dealing, non-compliance with Sections 541 and 542 of the Texas Insurance Code and non-compliance with the Texas Deceptive Trade Practices Act. Plaintiff further alleges State Farm Lloyds violated the Insurance Code "knowingly," as that term is used in the applicable statute.

## Basis for Removal

4.      This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5.      Based upon information and belief, Plaintiff was, at the time this action was commenced, and still is a citizen of the State of Texas.  Plaintiff's Original Petition states that Plaintiff is a resident of the State of Texas.

6.      Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois.  State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code.  It consists of an unincorporated association of underwriters

who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Therefore, complete diversity of citizenship exists between Plaintiff and State Farm.

7.      The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. *See Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).  Plaintiff has asserted numerous claims and causes of action against State Farm Lloyds seeking not only actual damages, but also consequential and statutory damages.  Further, Plaintiff is seeking to recover attorneys' fees.  Plaintiff's Original Petition states that Plaintiff is seeking monetary relief of more than $50,000.00, but not more than $100,000.00.  Defendant reasonably believes that Plaintiff, based upon the pleadings filed to date, is seeking to recover an amount in excess of $75,000.00.

<u>**Removal is Procedurally Correct**</u>

8.      Plaintiff filed her Original Petition on or about February 5, 2015.  State Farm Lloyds received the citation and Plaintiff's Original Petition on or about **February 9, 2015**. Therefore, Defendant filed this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).  Also, this notice of removal is being filed less than one year after the commencement of the State Court Action.  Additionally, State Farm is the only remaining Defendant in this lawsuit.  Brown Consulting Services was dismissed as a Defendant in this lawsuit on or about February 26, 2015.

10.     Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action was pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

11.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon State Farm in the State Court Action are attached as part of the Removal Documents.

12.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of Defendant's Original Notice of Removal was promptly given to all parties and to the clerk of 212th Judicial District Court, Galveston County, Texas.

13.     All documents required by Local Rule 81 to be filed with this Notice of Removal are attached as part of the Removal Documents.

### PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm also requests any additional relief to which it may be entitled.

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

/s/ Brian M. Chandler
Brian M. Chandler
State Bar No. 04091500
Federal Bar No. 7660
ONE BERING PARK
750 Bering Drive, Suite 600
Houston, Texas 77057
(713) 266-0074 Telephone
(713) 266-1064 Facsimile

ATTORNEY FOR DEFENDANT
STATE FARM LLOYDS

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served on the following by either Certified Mail, Return Receipt Requested, hand-delivery or facsimile transmission on this the _____11th_____ day of March, 2015.

Shawn W. Hodge
Hodge Law Firm, PLLC
Old Galveston Square
2211 The Strand, Suite 302
Galveston, Texas  77550

/s/ Brian M. Chandler

Notice of Removal – Mayeux, Carolina