IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CAROLINA MAYEUX, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-00052 |
| | § | |
| STATE FARM LLOYDS, | § | |
|     Defendant | § | |

___

### PLAINTIFF'S FIRST AMENDED PETITION
___

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Carolina Mayeux ("Plaintiff" or "Mayeux"), and files this *Plaintiff's First Amended Petition*, complaining of State Farm Lloyds ("STATE FARM" or "Defendant") and, for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Mayeux intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Carolina Mayeux is an individual residing in Galveston County, Texas.

3. Defendant is a Texas insurance company engaging in the business of insurance in the State of Texas. Defendant may be served by serving its Attorney for Service, Rendi Black c/o State Farm, 17301 Preston Road, Dallas, Texas 75252 by certified mail, return receipt.

### JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Mayeux is seeking monetary relief over $50,000 but

not more than $1,000,000. Mayeux reserves the right to amend the petition during and/or after the discovery process.

5. The Court has jurisdiction over Defendant because this defendant is a Texas insurance company conducting business in the State of Texas.

**VENUE**

6. Venue is proper in Galveston County, Texas, because the insured property is situated in Galveston County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

**FACTS**

7. Mayeux is the owner of a Texas Homeowners' Insurance Policy number 5386407038 (hereinafter referred to as "the Policy"), which was issued by Defendant.

8. Mayeux owns the insured property, which is specifically located at 5313 Thistle Drive Dickenson, Texas 77539, in Galveston County (hereinafter referred to as "the Property").

9. Defendant sold the Policy insuring the Property to Mayeux.

10. On July 4, 2012, Plaintiff hired Super Plumber Company. They detected a leak under the foundation. This leak caused extensive damage to the Plaintiff's property. Plaintiff then contacted State Farm to open a water claim. State Farm hired Vortex Plumbing, Inc. on or about July 30, 2012, which verified the findings of Super Plumber Company that there was indeed a leak under the foundation.

11. State Farm paid a minimum amount towards the claim based on Vortex's findings which did not address any of the foundation or most of the cosmetic damage related to this claim with their payment.

12. After the fact, JK Core Enterprises Inc. forwarded to State Farm their estimate and photos, foundation reports by Continental Foundation both for March 2010 and August 24, 2012, and Keelan Engineering Services dated September 3, 2012.

13. State Farm did not address these issues mentioned with payment, however they sent Brown Consulting Services Inc. for another inspection. The only response from Brown Consulting Services regarding their initial inspection was a request of additional testing.

14. The grossly proportionate difference between the JK Core estimate and the Vortex estimate made it apparent that the amount of damage was in dispute.

15. JK Core stated that in order to resolve the dispute concerning the value of the loss, they would invoke the right to have the loss appraised by a competent and disinterested third party. The appraisal process was done through the Galveston Court and State Farm opted not to participate.

16. State Farm did not have a valid reason for not participating, and said that they did not accept appraisal as a means to resolve the issue although the policy allows for the appraisal process to be invoked when the amount of damages is in dispute. Since State Farm did not participate, they were provided with the name, company, phone number, and email address of Rocky Garner who was the appraiser that was designated by JK Core. The Galveston Court appointed an umpire.

17. There has been sufficient testing and evaluations by many experts at this point in order for State Farm to express the water claim properly. The Department of Insurance Code has requirements for an insurer to investigate and adjust claims in a timely manner. State Farm is using the request of additional inspections as a tactic to avoid paying additional money towards the claim. At this time Defendant has failed to fully and accurately adjust the loss and has failed to issue full payment in a timely manner. Further, the Defendant wrongfully failed to participate in the appraisal process.

18.     Defendant set about to deny and/or underpay on properly covered damages.  As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Mayeux, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Mayeux to repair the home, Mayeux's claim was improperly adjusted. The mishandling of Mayeux's claim has also caused a delay in the ability to fully repair the home, which has resulted in additional damages.  To this date, Mayeux has yet to receive the full payment to which is entitled under the Policy.

19.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Mayeux's claim longer than allowed and, to date, Mayeux has not received full payment for the claim. DEFENDANT's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex. Ins. Code §542.058.

## BREACH OF CONTRACT

20.     Defendant's conduct constitutes a breach of the insurance contract made between DEFENDANT and Mayeux.

21.     Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of DEFENDANT's insurance contract with Mayeux.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

22.     From Defendant's violations of the Texas Insurance Code § 542, subchapter B, Prompt Payment of Claims. Specifically, failing to request all items, statements, and forms that you reasonably believed would be required within the applicable time constraints; delaying full payment of my client's claim longer than allowed.

23. Defendant's delay of the payment of Plaintiff's constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

24. From your violations of the Texas Insurance Code § 541, Unfair Settlement Practices. Specifically, conducting an unreasonable investigation; failing to attempt in good faith a prompt, fair, and equitable settlement; knowingly misrepresenting to my client that the damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence; and wrongfully denying or underpaying the claim for repairs even though my client's policy provides coverage for such loss.

### DTPA VIOLATIONS

25. Defendant has violations of the Tex. Bus. & Com. Code §17.46(b), Deceptive Trade Practices Unlawful. Specifically, knowingly making misrepresentations to my client regarding the need for replacement or repair to her property.

### DAMAGES

26. For breach of contract, Mayeux is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

27. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Mayeux is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

28. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Mayeux is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of

the acts described above, Mayeux asks for three times the actual damages. Tex. Ins. Code §541.152.

29.     For the prosecution and collection of this claim, Mayeux has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Mayeux is entitled to recover a sum for the reasonable and necessary services of Mayeux's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

30.     Mayeux is not making any claims for relief under federal law.

## JURY DEMAND

31.     Mayeux hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Galveston County, Texas. Mayeux hereby tenders the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Mayeux prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Mayeux requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Mayeux's behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Mayeux may show justly entitled.

Respectfully submitted,

By: _____
Shaun W. Hodge
Texas Bar # 24052995
Federal Bar # 1045838
THE HODGE LAW FIRM, PLLC
Old Galveston Square
2211 The Strand, Suite 301
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
shodge@hodgefirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on September 4, 2015, a copy of the foregoing instrument was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Brian Michael Chandler
**Ramey, Chandler, Quinn & Zito, P.C.**
750 Bering, Suite 600
Houston, Texas 77057
Telephone: (713) 266-0074
Facsimile: (713) 266-1064
Email: bmc@ramey-chandler.com

_____
Shaun W. Hodge